**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| PHYLLIS M. HAMANN,<br><br>   Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>   Defendant. | No. C05-4076-MWB<br><br>**REPORT AND RECOMMENDATION** |

## *I. INTRODUCTION*

The plaintiff Phyllis M. Hamann ("Hamann") appeals a decision by an administrative law judge ("ALJ") denying her application for Title II disability insurance ("DI") benefits. Hamann claims the ALJ erred in issuing a revised decision amending her disability onset date to January 1, 2003. (*See* Doc. No. 6, and discussion *infra*)

## *II. PROCEDURAL BACKGROUND*

On June 18, 2002, Hamann filed an application for DI benefits, alleging a disability onset date of March 1, 2002. (R. 46-48) Hamann alleged she was disabled due to back pain, neck pain, headaches, dizziness, and high blood pressure. (R. 69) She claimed her condition limited her ability to perform her job as a transit bus driver because moving her neck from side to side would bring on headaches and dizziness. She claimed she was in constant pain, and she could not stand for very long or her leg would give out. She claimed she was working fewer hours due to her condition, stating, "I'd have to call another driver to finish because the pain was so great. With [my] back[,] I'd have to go [to the] hospital to get [a] shot in my back. It would weaken my legs. If I go shopping,

I can only walk a little bit [and] then I have to sit down. If I wouldn't sit[,] my legs would give out under me." (*Id.*) Hamann stated she stopped working on June 8, 2002. (*Id.*)

Hamann's application and request for reconsideration both were denied (R. 33-38, 41-43). Hamann requested a hearing (*see* R. 44), and a hearing was held before ALJ John P. Johnson on May 17, 2004, in Sioux City, Iowa. (R. 268-310) Hamann was represented at the hearing by non-attorney Lee Sturgeon. Hamann testified at the hearing, and Vocational Expert ("VE") Elizabeth Albrecht also testified.

On September 22, 2004, the ALJ found Hamann to be disabled since her alleged disability onset date of March 1, 2002. (R. 23-26) Four months later, on January 12, 2005, the ALJ issued a revised decision finding Hamann to be disabled, but not until January 1, 2003. (R. 154-18) However, based on the five-month waiting period following the onset of disability provided by 20 C.F.R. § 404.315, the ALJ found Hamann would not qualify for benefits until May 31, 2003, and because she reached full retirement age the following month, the ALJ found Hamann was not entitled to Title II disability benefits, citing 20 C.F.R. §§ 404.316[1] & 404.409. (R. 17)

Hamann appealed the ALJ's ruling amending her disability onset date, and on March 24, 2005, the Appeals Council denied Hamann's request for review (R. 7-10), making the ALJ's decision the final decision of the Commissioner.

Hamann filed a timely Complaint in this court, seeking judicial review of the ALJ's ruling. (Doc. No. 3) In accordance with Administrative Order #1447, dated September 20, 1999, this matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), for the filing of a report and recommended disposition of Hamann's claim. Hamann filed a brief supporting her claim on

---

[1] Entitlement to disability benefits ends "[t]he month before the month you attain full retirement age as defined in § 404.409. . . ." 20 C.F.R. § 404.316(b)(2).

2

September 20, 2005. (Doc. No. 8) The Commissioner filed a responsive brief on November 16, 2005 (Doc. No. 9).

The matter is now fully submitted, and pursuant to 42 U.S.C. § 405(g), the court turns to a review of Hamann's claim for benefits.

## III. DISCUSSION

This case comes before the court in a somewhat unusual posture, as compared to most appeals from the denial of Social Security benefits. The ALJ found, and the parties agree, that Hamann is disabled. The fighting issue in this case is the onset date of Hamann's disability. In his original decision, the ALJ found Hamann to be disabled as of March 1, 2002. (*See* R. 23-26)

Following issuance of the initial decision, the ALJ received information from the Social Security Administration which the ALJ found indicated Hamann had engaged in substantial gainful activity ("SGA") after March 1, 2002. Specifically, the ALJ found the information indicated Hamann "earned at least $5712.66 in 2002. She was a school bus driver and it appears that she stopped working in June 2002 because the school year ended." (R. 15) The ALJ further found:

> Residual functional capacity is what the claimant can still do despite limitations due to the impairments. It seems that the claimant did not actually stop working in June 2002 because of her impairments and I conclude that she continued with the capacity to do past relevant work beyond the time that the school year ended extending through December 31, 2002, but not thereafter. On the basis of the objective record, considered as a whole, and considering the claimant's credible complaints, the undersigned finds that the claimant has had the residual functional capacity to perform no more than limited light work as defined in the regulations since January 1, 2003.

(*Id.*)

Hamann argues the record lacks substantial evidence to support the ALJ's revised determination that she had the residual functional capacity ("RFC") to perform her past work until January 1, 2003. (*See* Doc. No. 8) Hamann asserts the ALJ's first decision is supported by overwhelming evidence in the record, and she is entitled to benefits

The Commissioner *agrees* that the ALJ's decision is not supported by substantial evidence. (*See* Doc. No. 9) She claims the revised decision is deficient because the ALJ failed to assess Hamann's residual functional capacity for the period between the time Hamann stopped working in June 2002, and the January 1, 2003, disability onset date found by the ALJ. The Commissioner argues the appropriate remedy is remand for a determination of Hamann's residual functional capacity, rather than an immediate award of benefits as urged by Hamann. (*Id.*)

Hamann has attached to her brief, as Exhibit A, a copy of the transmittal from the SSA to the ALJ regarding Hamann's 2002 earnings. The transmittal shows Hamann earned the following amounts during 2002:

| | |
|---|---|
| January 2002 | $1,110.43 |
| February 2002 | 1,342.71 |
| March 2002 | 1,039.12 |
| April 2002 | 943.35 |
| May 2002 | 753.87 |
| June 2002 | 173.18 |

(Doc. No. 8-2, Ex. A) The ALJ is requested to "review the evidence concerning [Hamann's] 2002 work activity," and "issue an amended decision changing the onset date to the date Ms. Hamann last performed SGA or date last worked." (*Id.*)

In response to the transmittal, the ALJ sent Hamann a letter indicating he planned to "reopen and revise [his] decision to show that [Hamann's] disability did not commence until January 1, 2003." (Doc. No. 82-, Ex. B) Neither the ALJ's letter nor his decision specifies why he arrived at the date of January 1, 2003, as an amended disability onset date, other than his conjecture, from the evidence of Hamann's earnings, that she had not

4

stopped working in June 2002 because of her disability, but because the school year ended. He further conjectured she remained able to do her past relevant work "beyond the time that the school year ended extending through December 31, 2002[.]" (R. 15)

These unsubstantiated conclusions are directly at odds with the ALJ's previous decision, in which he found Hamann to be disabled from and after March 1, 2002. In the previous decision, the ALJ made a specific finding as to Hamann's RFC, concluding she retained "the residual functional capacity to perform light work as defined in the regulations." (R. 24) When contrasting Hamann's RFC with her "past work as typically performed and as performed in the general economy," the ALJ found Hamann was unable to perform her past relevant work. (*Id.*) The ALJ went on to find, consistent with the VE's testimony, that given Hamann's age, education, and training, she would have no transferable skills, and based on Medical Vocational Rule 202.06, Hamann was disabled within the meaning of the Social Security Act. (R. 24-25)

The record contains no evidence to alter the ALJ's previous decision that Hamann is disabled. The only new evidence in the record concerns the amounts Hamann earned in specific months during 2002. From that evidence, it appears Hamann performed substantial gainful activity through May 2002. *See* 20 C.F.R. § 404.1574(b)(2); *Burkhalter v. Schweiker*, 711 F.2d 841, 843 (8th Cir. 1983) (section 404.1574(b)(2) "creates a presumption that an employee who earns more than [the amount listed in the current regulation] is engaged in substantial gainful activity"). There is absolutely no evidence in the record to support the ALJ's conclusion that Hamann performed, or retained the residual functional capacity to perform, substantial gainful activity after May 2002.

The court therefore finds the record contains substantial evidence to support a determination that Hamann has been disabled since June 1, 2002. The court further finds there is no need to remand the case for a further determination as to Hamann's residual functional capacity. The ALJ already made such a determination, and no new evidence

has arisen that would require reexamining his previous determination. Therefore, the court finds the ALJ erred in amending Hamann's disability onset date to January 1, 2003, because, as the Commissioner concedes, the record does not contain substantial evidence to support such a determination.

## IV.  CONCLUSION

The court may affirm, modify or reverse the Commissioner's decision with or without remand to the Commissioner for rehearing. 42 U.S.C. § 405(g). In this case, where the record itself "convincingly establishes disability and further hearings would merely delay receipt of benefits, an immediate order granting benefits without remand is appropriate." *Cline*, 939 F.2d at 569 (citing *Jefferey v. Secretary of H.H.S.*, 849 F.2d 1129, 1133 (8th Cir. 1988); *Beeler v. Bowen*, 833 F.2d 124, 127-28 (8th Cir. 1987)); *accord Thomas v. Apfel*, 22 F. Supp. 2d 996, 999 (S.D. Iowa 1998) (where claimant is unable to do any work in the national economy, remand to take additional evidence would only delay receipt of benefits to which claimant is entitled, warranting reversal with award of benefits). In this case, the court finds the ALJ's decision should be reversed, and this case should be remanded for calculation and award of benefits with a disability onset date of June 1, 2003.

Therefore, **IT IS RESPECTFULLY RECOMMENDED**, for the reasons discussed above, that unless any party files objections[2] to the Report and Recommendation in accordance with 28 U.S.C. § 636 (b)(1)(C) and Fed. R. Civ. P. 72(b), within ten (10) days

---

[2]Objections must specify the parts of the report and recommendation to which objections are made. Objections must specify the parts of the record, including exhibits and transcript lines, which form the basis for such objections. *See* Fed. R. Civ. P. 72. Failure to file timely objections may result in waiver of the right to appeal questions of fact. *See Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 475, 88 L. Ed. 2d 435 (1985); *Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).

of the service of a copy of this Report and Recommendation, the Commissioner's decision be reversed, and this case be remanded for calculation and award of benefits based on a disability onset date of June 1, 2003.[3]

**IT IS SO ORDERED.**

**DATED** this 1st day of March, 2006.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[3]NOTE: If the district court adopts this recommendation and final judgment is entered for the plaintiff, the plaintiff's counsel must comply with the requirements of Local Rule 54.2(b) in connection with any application for attorney fees.