# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

PHYLLIS M. HAMANN,

    Plaintiff,

vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

No. C05-4076-MWB

**MEMORANDUM OPINION AND ORDER REGARDING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

    This matter comes before the court pursuant to United States Magistrate Judge Paul A. Zoss's Report and Recommendation in this judicial review of the denial by an administrative law judge ("ALJ") of Title XVI supplemental security income and Title II disability insurance benefits. Judge Zoss determined that there was substantial evidence in the record as a whole to support a finding that Phyllis M. Hamann ("Hamann") is disabled due to back pain, neck pain, headaches, dizziness, and high blood pressure. *Hamann v. Barnhart*, No. CO5-4076-MWB, 2006 WL 517642, * 1 (N.D. Iowa Mar. 1, 2006).

    Judge Zoss determined the date of disability to be June 1, 2002. (*Id*. at 2). Judge Zoss's Report and Recommendation concluded that the ALJ's determination of the date of disability as January 1, 2003, was not supported by substantial evidence. Specifically Judge Zoss stated:

> These unsubstantiated conclusions are directly at odds with the ALJ's previous decision, in which he found Hamann to be disabled from and after March 1, 2002. In the previous decision, the ALJ made a specific finding as to Hamann's RFC, concluding she retained "the residual functional capacity to perform light work as defined in the regulations." When contrasting Hamann's RFC with her "past work as typically

> performed and as performed in the general economy," the ALJ found Hamann was unable to perform her past relevant work. The ALJ went on to find, consistent with the VE's testimony, that given Hamann's age, education, and training, she would have no transferable skills, and based on Medical Vocational Rule 202.06, Hamann was disabled within the meaning of the Social Security Act.

*Id*. at 2 (cites omitted). Further, Judge Zoss found the record does not contain substantial evidence to support the ALJ's determination that Hamann was able to work after June 1, 2002 :

> The court therefore finds the record contains substantial evidence to support a determination that Hamann has been disabled since June 1, 2002. The court further finds there is no need to remand the case for a further determination as to Hamann's residual functional capacity. The ALJ already made such a determination, and no new evidence has arisen that would require reexamining his previous determination. Therefore, the court finds the ALJ erred in amending Hamann's disability onset date to January 1, 2003, because, as the Commissioner concedes, the record does not contain substantial evidence to support such a determination.

*Id*.

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298,

306 (8th Cir. 1996) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*).

In this case, no valid and proper objections have been filed. Thus, the court concludes *de novo* review, required under the plain language of the statute only for "those portions of the report or specified proposed findings or recommendations to which objection is made," 28 U.S.C. § 636(b)(1) is not required here, and the court will instead review only for plain error. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing factual findings for plain error where no objections to magistrate judge's report were filed). Upon plain error review, the court finds no grounds to reject or modify the Report and Recommendation.[1] The ALJ's determination of the date of disability is **overruled.** Therefore, the Report and Recommendation is **accepted**, *See* § 28 U.S.C. 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

The final decision of the ALJ is **reversed** and the Commissioner is **ordered** to award Hamann DI and SSI benefits to which she is entitled from June 1, 2002. Judgment shall enter in favor of Hamann.

**IT IS SO ORDERED.**

**DATED** this 24th day of April, 2006.

_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1] The Westlaw version reflects a typographical error regarding the date of disability; However, Judge Zoss amended that typographical error on March 1, 2006.

3